

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 15, 1971

Honorable Jimmy Morris
Criminal District Attorney
Navarro County Courthouse
Corsicana, Texas 75110

Opinion No. M- 997

Re: Construction of Sec. 12, 33
and 40 of Art. XVI, Const.
of Texas, and Art. 6252-9a,
V.C.S., relating to certain
city offices and Assistant
Postmaster.

Dear Mr. Morris:

Your recent letter requesting the opinion of this office
concerning the referenced matter poses the following questions:

"1. Can a man serve a city as Civil Service
Commissioner (non-salary office) for the Police
and Fire Departments and at the same time serve
the same city as a member of the Board of Equali-
zation (also a non-salary office)?

"2. Can a man serve as Civil Service Com-
missioner for the Police and Fire Departments and
at the same time be Assistant Postmaster (a federal
office paying a salary)?"

For purposes of this opinion we assume these offices serve a
city or town and are non-elective.

The following provisions of the Constitution of Texas are
pertinent to your inquiry:

"No . . . person holding or exercising any
office of profit or trust, under the United
States, or either of them, . . . shall . . .
hold or exercise any office of profit or trust
under this State." Article XVI, Section 12.

-4863-

"The Accounting Officers of this State shall
neither draw nor pay a warrant upon the Treasury
in favor of any person for salary or compensation
as agent, officer or appointee, who holds at the
same time any other office or position of honor,
trust, or profit, under this State, except as pre-
scribed in this Constitution . . . It is further
provided, . . . if authorized by the Legislature
by general law under such restrictions and limita-
tions as the Legislature may prescribe, that a non-
elective State officer or employee may hold other
non-elective offices or positions of honor, trust, or
profit under this State or the United States, if the other
offices or positions are of benefit to the State of
Texas or are required by State or federal law, and
there is no conflict with the original office or position
for which he receives salary or compensation . . . "
Article XVI, Section 33.

"No person shall hold or exercise, at the same
time, more than one Civil Office of emolument,
except that of Justice of Peace, County Commissioner,
Notary Public and Postmaster . . . unless otherwise
specially provided herein." Article XVI, Section 40.

Pursuant to the authorization contained in the 1967 amend-
ment to Section 33 of Article XVI, supra, the Legislature, in
1969, enacted Article 6252-9a which provides, in full, as
follows:

"Section 1. A nonelective state officer or
employee may hold other nonelective offices or
positions of honor, trust, or profit under this
state or the United States, if his holding the
other offices or positions is of benefit to
the State of Texas or is required by state or
federal law, and if there is no conflict between
his holding the office or position and his hold-
ing the original office or position for which the
officer or employee receives salary or compensation.

"Sec. 2. Before a nonelective state officer
or employee may accept an offer to serve in other
nonelective offices or positions of honor, trust,
or profit, the officer or employee must obtain
from the governing body, or if there is no govern-
ing body, the executive head of the agency, division,
department, or institution with which he is associated
or employed, a finding that the requirements of Sec-
tion 1 of this Act have been fulfilled. The govern-
ing body or executive head shall make an official
record of the finding and of the compensation to
be received by the nonelective officer or employee
from such additional nonelective office or position
of honor, trust, or profit including specifically
salary, bonus, per diem or other type of compensa-
tion.

"Sec. 3. The governing body or executive head
shall promulgate rules and regulations necessary to
carry out the purposes of this Act." (Emphasis
added.)

In regards to your first question, it is settled that the
municipal positions therein set forth are offices of trust
under the State of Texas. Willis v. Potts, 377 S.W.2d 622 (Tex.
Sup. 1964); Attorney General's Opinion No. M-842 (1971).

This office has previously held in Attorney General's
Opinion No. M-193 (1968) that the prohibitions contained in
Sections 12, 33 and 40 of Article XVI must all be considered
in light of the proviso that was added to Section 33 by means
of the 1967 amendment to that section. That proviso specifically
authorizes the holding, by a non-elective State officer or
employee, of more than one office or position of honor, trust,
or profit under the laws of this State or of the United States,
provided the other office is of benefit to the State of Texas
or is required by law and there is no conflict with the original
office.

We are in accord with the reasoning of Attorney General's Opinion No. M-193 (1968), and the authorities cited therein, and hold that the 1967 amendment to Section 33 of Article XVI, in addition to explicitly amending that Section, had the effect of impliedly amending Sections 12 and 40 of that Article, and that those Sections must, accordingly, be construed in consonance with that amendment, and Article 6252-9a enacted pursuant thereto.

Moreover, it has long been established that Section 40 of Article XVI, prohibiting the holding by one person of more than one civil office of emolument

> "applies only to offices of emolument. Emolument means a pecuniary profit, gain, or advantage; hence the same person may hold two civil offices where no pay, compensation, or pecuniary gain attaches to one of them, provided they are not incompatible." 47 Tex. Jur.2d 41, Public Officers, Section 27. (Emphasis added.)

That Section is, therefore, inapplicable to your inquiry.

You are therefore advised that, in answer to your first question, one person may, at the same time, hold both the offices of Civil Service Commissioner and that of member of a Board of Equalization, provided the findings and other requirements of Section 2 of Article 6252-9a have been met.

Your second question involves the legality of one's holding the offices of a city Civil Service Commissioner, which is non-salaried, and that of Assistant Postmaster, a salaried federal position.

We are of the opinion that the blanket prohibition of Section 12 of Article XVI, forbidding the holder of a federal office of profit or trust from holding a State office is also not applicable to the situation set forth in your second question, by virtue of the addition of the 1967 proviso to Section 33 of

Article XVI and the provisions of Article 6252-9a.

Therefore, you are further advised that one person may, at the same time, hold both the office of Civil Service Commissioner and the federal office of Assistant Postmaster, provided the findings and other requirements of Section 2 of Article 6252-9a have been met.

We are also of the opinion that none of the offices at issue in this opinion are incompatible, and that they fall within the legally acceptable standard, which has been stated as follows:

"Offices are incompatible where their duties are or may be inconsistent or (in) conflict, but not where their duties are wholly unrelated, are in no manner inconsistent and are never in conflict, and where neither office is accountable or under the dominion of, or subordinate to, the other, or has any right or power to interfere with the other in the performance of any duty."  47 Tex.Jur.2d 43, Public Officers, Section 28.

## S U M M A R Y

(1) Pursuant to Sections 12, 33, and 40 of Article XVI of the Constitution of Texas, one person may, at the same time, hold the offices of Civil Service Commissioner and member of the Board of Equalization of a town or city, provided he has complied with the requirements of Section 2 of Article 6252-9a, Vernon's Civil Statutes.

(2) Pursuant to Sections 12, 33, and 40 of Article XVI of the Constitution of Texas, one person may, at the same time, hold the office

of Civil Service Commissioner and the office of Assistant Postmaster both in a town or city, provided he has complied with the requirements of Section 2 of Article 6252-9a, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Fred E. Davis
Lonny Zwiener
Linward Shivers
Lewis Jones

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant